IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| VS | ) | 06 CR 359-3 |
| | ) | |
| | ) | The Honorable |
| MELVIN DOKICH | ) | Milton I. Shadur, |
| | ) | Judge Presiding. |
| Defendant. | ) | |

## MELVIN DOKICH'S SENTENCING MEMORANDUM

**NOW COMES** the Defendant, Melvin Dokich, by and through his Attorney, Steven C. Rueckert, and files this Sentencing Memorandum.

Defendant Dokich hereby adopts the Sentencing Memo filed by co-defendant David Grosky. Further; since Defendant Dokich was not privy to any financial documents available to Efoora management, including David Grosky, Dokich adopts the sales numbers outlined in Grosky's Sentencing Memorandum and those numbers included in the Freireich and Shapiro report submitted by the government. As those numbers impact Mr. Dokich, this defendant states as follows.

### Loss

Everyone, Grosky and the government included, agree that Dokich was merely a sales person for Efoora. In that capacity he was not responsible for sales of stock made prior to any private placement memos (97-99) and was not responsible for the creation or distribution of any PPM's. Grosky has argued that the sale of stock generated by the PPM's occurred between 2002 and 2003. Grosky and the government agree that the sale of stock during 2000 and 2003 was

1

between 25 million and 27.75 million.

It was not foreseeable to Defendant Dokich that the money raised pre-PPM (7 million as set out in the exhibit filed by the government) and 27.75 million raised during the period surrounding the sales pursuant to the PPM were attributed to the fraud. Mel Dokich could not possibly know this because he was not involved in the pre 2000 stock sales and he did not contribute in any way to the creation or distribution of the PPMs.

Mel Dokich does agree that he sold stock during a "quiet period" in 2000 and 2001. He has admitted that he sold approximately $500,000 of Efoora stock during this period and deposited that money into his own account. He has also admitted that he sold stock to unqualified investors.

Defendant Dokich argues that any loss that was foreseeable to him would be the loss sustained through the sale of stock during the quiet period and to non-qualified investors. Taking the government's numbers as correct this amount would be somewhere between 500,000 and 1 million dollars or an increase of 14 for guideline purposes; 2B1:1(H).

## Application of Section 3553(a) factors

Defendant was a salesman who acted at the direction of and on information provided by David Grosky and Craig Rappin. He is high school educated and not trained in any sophisticated business matters. He bought shares of stock in Efoora for himself because he believed in the company and sold shares of stock to family members for the same reason. He was clearly not trying to defraud them. He admits that he did make false statements mainly because he was ignorant of the facts.

2

Defendant Dokich is 60 years old and has never been in any trouble with law enforcement before this case. He has a very sick wife who is in intensive care while this memo is being drafted. He himself has several health issues which are progressive in nature and will impact his quality of life in the future. Dokich did not profit from this scheme in any way, has lost the investment he and his family made in Efoora and is now not able to pay for the family's medical bills or even basic living expenses.

A prison sentence is no more likely to deter Mr. Dokich from any further crime than a sentence of probation would. Mr. Dokich has learned, from this experience, the ramifications of his actions. He will not participate in this type of activity in the future. Probation rather than prison is an adequate punishment for his conduct and will most certainly deter him from any further conduct of this nature.

Further; for a person with his health situation and that of his wife, probation would seem to be the most appropriate sentence.

## Cooperation

The government will agree that Defendant Dokich provided information about Efoora, Grosky and Rappin. This Defendant also spoke freely with US attorneys from Philadelphia to aid in an investigation they had initiated regarding other persons connected with Efoora. This Defendant has no way of knowing how the government views the value of his cooperation but he was willing to provide any information they sought.

This Defendant urges this Honorable Court to take into consideration his cooperation when deciding whether to sentence Dokich to a sentence below the guidelines pursuant to §3553.

## Guideline Calculations

Defendant Dokich most respectfully suggests the following guideline calculations for his sentence.

| | |
|---|---|
| Base level | 6 |
| Loss | +14 |
| More than 50 victims | +4 |
| | 24 |
| Timely acceptance of responsibility | -3 |
| | 21 |

Level 21 under the advisory guidelines yields a sentencing range of 37-46 months.

But based on the totality of the circumstances this Defendant would urge this Honorable Court to consider probation which would represent a sentence which is sufficient but not greater than necessary under 18USC§3553(a).

Respectfully submitted,

_____
STEVEN C. RUECKERT
Attorney for Melvin Dokich

**STEVEN C. RUECKERT**
Attorney at Law
53 West Jackson Blvd.
Suite 1410
Chicago, Illinois 60604
Bus: (312) 427-6464
Fax: (312) 427-1215
Atty. No. 16531