UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 06 CR 359 |
| v. ) | |
| ) | Judge Milton I. Shadur |
| DAVID GROSKY, ) | |
| CRAIG RAPPIN, and ) | |
| MELVIN DOKICH ) | |

**GOVERNMENT'S MEMORANDUM CONCERNING PROBATION'S SUPPLEMENTAL REPORT RE DEFENDANT GROSKY'S MENTAL STATUS**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully submits this response to Probation's Supplemental Report, dated June 26, 2008, concerning information provided by defendant David Grosky's counselor, Christopher Anderson.

Although the government recognizes that the defendant's mental health history should be considered by this Court under the factors enumerated in Title 18, United States Code, Section 3553(a), in imposing its sentence, it is the government's position that defendant David Grosky ("Grosky") should not receive a sentence that is below the applicable guideline range based on significantly reduced mental capacity.

As set forth in Probation's Supplemental Report of June 26, 2008, Christopher Anderson ("Anderson") has concluded that Grosky had a "cluster of impairments" which were the "driving force" behind the fraud. He also stated that it was his "belief that, had David Grosky been in ongoing treatment for those disorders, he would not have, in all probability, committed the illegal acts for which he has pled guilty." Anderson's conclusion does not support a lower sentence in this case. Anderson's opinion that proper mental health treatment would have prevented this massive $50 million fraud is complete speculation. He simply cannot know whether that is true.

The "cluster of impairments" is really just anxiety, depression, and Attention Deficit Disorder ("ADD"). Anderson told probation that Grosky does not meet the criteria for Obsessive Compulsive Disorder ("OCD"), gambling addiction, or alcohol addiction, although he has some qualities related to those disorders[1]. *See* Presentence Report at p.9. Anderson also said that Grosky does not have Turette's syndrome, although Grosky has some physical tics. Anderson noted that some of Grosky's problems stem from being a part of a dysfunctional family. *Id*.

**Not a Basis for a Sentence Below the Guideline Range:** Emotional and mental disorders are ordinarily not a basis for departing from the prescribed sentence. *See* Part H (Offender Characteristics). The Guidelines provide that: (1) "Mental and emotional conditions are not ordinarily relevant in determining whether a departure is warranted." *See* § 5H1.3. (2) Drug or alcohol dependence or abuse is not a reason for a downward departure. Substance abuse is highly correlated to an increased propensity to commit crime" *See* § 5H1.4. (3) "Addiction to gambling is not a reason for a downward departure." *Id.*; and (4) "Lack of guidance as a youth and similar circumstances indicating a disadvantaged upbringing are not relevant grounds in determining whether a departure is warranted." *See* § 5H1.4.

These policy statements "address the relevance of certain offender characteristics to the determination of whether a sentence should be outside the applicable guideline range". *See* Part H, Introductory Commentary. The Sentencing Commission has determined that those specific characteristics do not support a sentence outside the applicable guideline range.

---

[1]/ Anderson has stated that a psychiatrist who evaluated Grosky ruled out OCD. Moreover, that psychiatrist did not diagnose Grosky as having a Narcissistic Personality Disorder, although Anderson, who is not a doctor, concluded that Grosky had that disorder.

2

**Diminished Capacity:** The Guidelines provide that a departure may be warranted if a defendant suffers from diminished capacity. *See* § 5K2.13. It is unclear whether Grosky is arguing that he was acting with diminished capacity. Grosky's counselor, Anderson, does not state that Grosky was acting with diminished capacity, and his description of Grosky's problems does not support a finding of diminished capacity.

Prior to *Booker v. United States*, 543 U.S. 220 (2005), the concept of "diminished capacity" as a basis for a sentencing departure was controlled exclusively by Guideline § 5K2.13, which provides, in relevant part, as that a "downward departure may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense." A downward departure is not appropriate if the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants. The Application Note to Guideline § 5K2.13 specifically defines "significantly reduced mental capacity" to mean that "the defendant, although convicted, has a significantly impaired ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason; or (B) control behavior that the defendant knows is wrongful."

The Seventh Circuit has held that "[a] district court may not justify a § 5K2.13 downward departure by '[p]ointing to a mental condition, without assessing whether the condition amounts to *significantly* reduced mental capacity...or whether this reduction contributed to the commission of the offense[.]'" *United States v. Frazier*, 979 F.2d 1227, 1230 (7th Cir. 1992), *quoting United States v. Gentry*, 925 F.2d 186, 189 (7th Cir. 1991) (internal quotation marks omitted).

Grosky's counselor, Anderson, does not address the issue of diminished capacity, and his conclusion does not suggest that Grosky's ability to understand the wrongfulness of his behavior was impaired, or that Grosky could not control his behavior. In fact, in his plea agreement, Grosky stated that between 1999 and 2006 he made false statements to investors, and "Grosky knew that those statements were false at the time that the statements were made." *See* Plea Agreement at p.3. Grosky also stated that he made those false statements in order to convince individuals to invest and to help Efoora keep the funds already invested. *Id.* Grosky knew his behavior was wrongful, and he controlled his own behavior by choosing to lie.

In this case, Grosky, who was the CEO of Efoora, and an attorney, could not have committed this massive fraud with a diminished mental capacity because the crime was too complex. It lasted for approximately 7 years, and involved issuing complex financial statements, communicating with numerous investors, and making false statements concerning financial issues, contracts, productivity, FDA approval, and a wide variety of other matters. The Seventh Circuit has rejected diminished capacity in cases where the scheme extended over a prolonged period of time and required elaborate planning. *See United States v. Mallon*, 345 F.3d 943, 948 (7th Cir. 2003) (The Seventh Circuit rejected a diminished capacity departure where the defendant had communicated with his victim for over a month, and travelled to the United States, concluding that the defendant's actions were not the result of poor impulse control); *United States v. Dyer*, 216 F.3d 568, 571 (7th Cir. 2000)(The length of time of the scheme and the elaborate planning involved indicated that the defendant's alleged mental impairment was not a necessary condition of the crime); *See also United States v. Locke*, 2003 WL 22287352, *6 (N.D. Ill. 2003) (Denying a departure for diminished capacity relating to a bank fraud where the defendant's actions involved extensive planning).

**Danger of Recidivism:** If the "cluster of Grosky's impairments" was the "driving force" behind Grosky's commission of the crime, then there is ssignificant danger of recidivism by Grosky in the future. In other words, if, as Anderson concluded, Grosky engaged in the offense conduct because he suffers from depression, anxiety, ADD, possibly Narcissistic Personality Disorder, and he has symptoms of Turrets, gambling, and alcoholism - which caused Grosky to commit fraud - then there is a real possibility that Grosky will commit fraud again, since those problems tend to be life long problems.

This issue was addressed in *United States v. Beier*, 490 F.3d 572 (7th Cir. 2007). The defendant in *Beier* was convicted of producing child pornography and received a sentence of 360 months' imprisonment. At sentencing, the defendant unsuccessfully argued for a lower sentence based upon "a cluster of personal experiences and characteristics," including that he had a low IQ, depression, and learning disabilities. *Id.* at 573. In affirming the district court's rejection of the defendant's claims at sentencing, the Court initially found that the evidentiary record failed to establish a link between the defendant's alleged mental condition and the offense; however, the Court went on to state as follows:

> Even if such characteristics do make it more difficult for a person to comply with the law, the question, unaddressed by the defendant, would remain whether they require a shorter sentence or a longer sentence than would be appropriate for a defendant who lacked those characteristics. The more difficult it is for a person to resist a desire for sexual contact with children, the more likely he is to recidivate, and this is an argument for a longer prison sentence. And on grounds of deterrence as well as incapacitation, for the stronger the impulse to commit a criminal act, the greater must be the threat of punishment in order to deter it.

*Id.* at 574 (emphasis added). Although this case does not involve child pornography, the message of *Beier* is equally applicable to this case: a defendant who exhibits a strong impulse to commit a crime, either out of desire (as in *Beier*) or a defendant whose impairments are a driving force to commit crime (as suggested by Anderson), is one who

5

should receive greater relative punishment in order to give due weight to the sentencing factors, particularly "the nature and circumstances of the offense and the history and characteristics of the defendant" (18 U.S.C. § 3553(a)(1)), as well as the need for the sentence imposed "to afford adequate deterrence to criminal conduct" (18 U.S.C. § 3553(a)(2)(B)) and "to protect the public from further crimes of the defendant" (18 U.S.C. § 3553(a)(2)(C)).

## **CONCLUSION**

For the reasons stated above, the Court should not impose a sentence below the applicable Guideline range based on Grosky's mental and emotional problems.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

BY: *ss/Jacqueline Stern*
JACQUELINE STERN
Assistant United States Attorney
219 South Dearborn, Suite 5000
Chicago, Illinois 60604
312/353-5329

# CERTIFICATE OF SERVICE

      The undersigned Assistant United States Attorney hereby certifies that the following documents:

**GOVERNMENT'S MEMORANDUM CONCERNING PROBATION'S SUPPLEMENTAL REPORT RE DEFENDANT GROSKY'S MENTAL STATUS**

were served on July 10, 2008, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

      By:   *s/ Jacqueline Stern*
               **JACQUELINE STERN**
               Assistant U.S. Attorney
               U.S. Attorney's Office
               219 S. Dearborn Street
               Chicago, Illinois 60604
               (312) 353-5329